

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -9 PM 3: 27

Mark S. Bledsoe, ABA #7610077
LAW OFFICES OF MARK S. BLEDSOE
2525 Blueberry Road, Suite 202
Anchorage, AK 99503
ph. (907) 272-5200; fax (907) 279-2321
bledsoe@alaska.net

Associated Counsel for co-respondent Richalinda Trust

Attorney J.J. Sandlin, WSBA #7392
SANDLIN LAW FIRM
618 Railroad Avenue, Suites E&F
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

Appearing *pro hac vice* for co-respondent Richalinda Trust

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of<br><br>The Complaint of ALASKA MARINE TRANSPORT & SALVAGE, INC., as Owner of the M/V POLAR BEAR, Official No. 974480, for Exoneration From or Limitation of Liability. | In Admiralty<br><br>Case No. : A00-157 CV (HRH)<br><br>**RICHALINDA TRUST OPPOSING MEMORANDUM TO MOTION FOR SUMMARY JUDGMENT (and requesting *sui generis* order of summary judgment against movants)**<br><br>(oral argument requested) |

Richalinda Trust opposing memo re SJM - 1

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

132

## I. BACKGROUND

This is an action in admiralty. The essential question is whether or not the real party in interest, an insurance company, should pay for the losses sustained by Richalinda Trust and others when a tow line parted and the Richalinda Trust's gold dredge was lost at sea. But the insurance company, through counsel for Alaska Marine Transport & Salvage, as owner of the M/V Polar Bear, (hereinafter "Alaska Marine") accurately points out that years ago one of the beneficiaries of the Richalinda Trust, Mr. R.E. Shell, was convicted of securities fraud in the State of Arizona. In a reckless extrapolation of that fact (i.e., Mr. Shell's Arizona conviction—and subsequent payment of his debt to the people of Arizona through his incarceration) the insurance company, again through counsel for Alaska Marine, suggests to this Court that Mr. Shell must now still be a crook, and that no recovery should be had in this instance, because Mr. Shell, one of the beneficiaries of the claimant Richalinda Trust, is a crook (an unfair extension of punishment for a crime that has been paid for by Mr. Shell years ago). Of significant note is the undisclosed and obviously relevant fact that the State of Arizona did not order Mr.

Richalinda Trust opposing memo re SJM - 2

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

Shell to cease and desist his gold mining activities in the State of Alaska, nor could such an order have been issued by Arizona, for obvious reasons.

The Court is then asked to dismiss this case because Alaska Marine now claims the State of California has been the title holder for the gold dredge, since the inception of this case, without providing any competent evidence of any such title adjudication, and without any attempt to bring before this Court a claim that a necessary party was not joined in this action.

The Richalinda Trust provides this Court with substantial evidence of the validity of the claims that there was a legitimate opportunity for placer mining with the gold dredge (*see* James Halloran documentation, attached to Edward Edson affidavit, and Edson affidavit, attached as Exhibit A), that the gold dredge had been refurbished and upgraded by Jesse Engineering (*see* R.E. Shell affidavit, and Jeffrey Gellert affidavit, attached as Exhibits B and C) located at the Port of Tacoma, and that the losses in this instance are for the value of the gold dredge, as well as the consequential damages that were reasonably foreseeable in this incident (*see* Edson affidavit, concerning the legitimacy of the Sitkinak placer gold mining site).

II.   FACTS

Richalinda Trust opposing memo re SJM - 3

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

Richard Shell was subject to a cease and desist order in the State of Arizona. It did not preclude him from selling securities outside the State of Arizona, nor did it purport to extend Arizona's jurisdiction over Mr. Shell concerning his state activities in Alaska. *See*, affidavit of Attorney Edward Edson.

There is *no competent evidence* indicating that Concha Holdings, Ltd. is a fraudulent entity. <u>To the extent the movant has made such allegations, and allegations that "R.E. Shell is a crook", this Court is respectfully requested to strike the allegations and contentions as being without factual support</u>. Fed.R.Civ.P. 11.

Unrefuted evidence indicates the lost gold dredge was removed from its position in the Klamath River in California, after payment of money to its then owner, and the gold dredge was then refurbished by Jesse Engineering of Tacoma, Washington, at substantial expense, before the gold dredge was transported to Alaska for placer mining service. *See*, affidavit of R.E. Shell, affidavit of Attorney Edward Edson. Before the dredge could be placed in service, it was lost at sea, while enroute to the mining site that had verified substantial placer gold reserves. *See*, affidavits of Shell and Edson, with attachments.

The Richalinda Trust assigned its claims to Mr. Hobler, to the extent of Mr. Hobler's losses. Any recovery in excess of Mr. Hobler's losses are to be paid to

Richalinda Trust opposing memo re SJM - 4

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

Richalinda Trust, or its assigns. Richalinda Trust now responds to the movant's two central claims: illegality of the gold dredge transaction in Alaska, and failure of title (failure to join necessary party?).

### III.  ISSUES

1. Should this Court grant summary judgment because the movant claims, without benefit of competent evidence, that Richalinda Trust, or any other claimant in this action, does not have any tenets of ownership in the lost asset, a gold mining dredge? Answer: *No; even the California laws at issue clearly prove the movant's challenge to title or ownership is specious.*

2. Should this Court grant summary judgment against Richalinda Trust because one of its beneficiaries was convicted of an Arizona crime, well over ten years ago, with no extraterritorial effect to that judgment and sentence, or cease and desist order? Answer: *No; there is no authority to support such an extraordinary result.*

3. Should this Court deny the movant's motion for summary judgment in its entirety? Answer: *Yes; the movant has failed to provide unrefuted, uncontested material facts that support summary judgment.*

### IV.  ARGUMENT

Richalinda Trust opposing memo re SJM - 5

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

1. *The assertion that ownership of the lost gold mining dredge lies with the State of California is misleading, without support in fact or law, and should be viewed as irrelevant to the damage claims in this instance.*

The *Abandoned Shipwreck Act of 1987*, 43 U.S.C. Section 2101, *et seq.*, simply does not apply. Congress enacted this statute to provide for consistent treatment in the adjudication of ownership concerning, and the comprehensive management of, "historic shipwrecks" and "underwater archeological resources". It was also designed to "clarify" and "preempt" the hodgepodge of laws, rules and regulations then existing in the various states. *See*, the annotation at 163 ALR Fed. 421, *The Abandoned Shipwreck Act.* This was especially true with respect to the very broad provisions of the California Public Resource Code Section 6313, which might otherwise apply here. The Ninth Circuit has so ruled against that state in *Deep Sea Research, Inc. Vs. The Brother Jonathan and the State of California, Intervenor*, 89 F.3d 680 (9th Circuit, 1996); and the *Abandoned Shipwreck Act of 1987* even preempts any California claims to the extent that any right, title or interest is or could be "beyond the scope" of said federal statute.

By inadvertence or design, Counsel for Petitioner quotes only those portions of the statute favorable to his argument. In fact, Congress meant to apply this

Richalinda Trust opposing memo re SJM - 6

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

statute only to Acertain abandoned shipwrecks, *"which have been deserted and to which the owner has relinquished ownership rights with no retention"*. 43 U.S.C. Section 2101(b) (*emphasis added*). It is very clear that Counsel for Petitioner would have us infer abandonment, desertion <u>and</u> relinquishment without citation to any authenticated document, deposition testimony of any actual owner, or any other reliable evidence. It is only the lack of "identifiable action" by *someone, somewhere*, which supports Petitioner's Motion for Summary Judgment. In the *Deep Sea Research* case cited above, an insurance company was held <u>*not*</u> to have legally abandoned a shipwreck even though it did <u>*absolutely nothing*</u> **for more than 100 years!** Clearly, more proof of abandonment should be required to support Petitioner's claims. Otherwise, it is quite well settled law that a shipwreck is not abandoned unless and until title is affirmatively renounced or can be inferred from the failure of owners to pursue salvage efforts, which the widow of Gerald Toone did here through Richard E. Shell, however legally inelegant and unsophisticated (since the dredge killed her husband, her reluctance to deal with the problems of a dredge sitting on a sandbar in another state might be understandable). *See*, the discussion in the *Deep Sea Research* case. The <u>mere lapse of time</u>, alone, does not necessarily establish abandonment in any situation.

Richalinda Trust opposing memo re SJM - 7

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

See, *Fairport International Exploration, Inc. vs. Shipwrecked Vessel, Captain Lawrence*, 105 F.3d 1078 (6th Circuit, 1997), *on remand*, 72 F.Supp.2d 795 (W.D. Mich. 1997). And it is also clear that this abandonment, desertion <u>and</u> relinquishment must be proven by clear and convincing evidence. See, *Columbus-America Discovery Group vs. Atlantic Mutual Insurance Co.*, 974 F.2d 450 (4th Circuit, 1992). Compelled "inference" from "inaction" by "someone" doesn't cut it in a Motion for Summary Judgment. Under this federal law, the United States can assert title to any abandoned shipwreck that is: "(1) embedded *in* the submerged lands of a State; or (2) ... (not relevant); or (3) *on* the submerged lands of a State and is included in or determined eligible for inclusion in the National Register [of Historic Places]," 43 U.S.C. Section 2105 (a) (*emphasis added*). Furthermore, 43 U.S.C. Section 2105 (b) clearly requires that, "The public shall be given adequate notice of the location of **any** shipwreck to which title is asserted under this section." (again, *emphasis added*) Counsel for Petitioner utterly fails to provide this court with certified copies of any such notice in the Congressional Record, the National Register, a local commercial newspaper, the bulletin board in any county clerk's office, a web site, or any other public venue. There is no record of any "arrest" of this vessel by the State of California or the United States, at any

Richalinda Trust opposing memo re SJM - 8

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

time, there was no known proceeding or hearing to confirm title in anyone or any governmental entity, and it is impossible to assert title to any such shipwreck unless one has actual possession or at least "colorable title". See, these requirements in *Ehorn vs. The Abandoned Shipwreck known as the Rosinco and the State of Wisconsin, Intervenor*, 185 F.Supp. 2d 965 (E.D. Wis. 2001), *appealed*, 294 F.3d 856 (7th Circuit 2002), *on remand*, 301 F. Supp. 861 (E.D.Wis. 2002); see also, the *Deep Sea Research* and *Fairport International Exploration* cases cited above. No record of arrest or hearing to prove title is proven by the movant, and accordingly there has been no affirmative adjudication of any right, title or interest of this "shipwreck" being conducted in the State of California. Petitioners' naked statement that ownership in California is "compelled", without more, is utterly worthless in this Motion for Summary Judgement. *At the very most, movant may have raised a fact question.* Furthermore, as 43 U.S.C. Section 2105 (a) makes clear, the *Abandoned Shipwreck Act* does not actually vest title to vessels that satisfy its requirements. Instead, the United States technically takes title, which it may then transfer to the state, 43 U.S.C. Section 2105 (c). Again, no such asserted title or transfer by the federal government has been confirmed by Petitioners= Counsel in any document or testimony.

Richalinda Trust opposing memo re SJM - 9

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

What is clear from the deposition testimony of Richard E. Shell, cited by Petitioner's Counsel herein, is that he approached Gerald Toone's widow, Patricia, and obtained from her the plans and specifications to the dredge in question. He obviously had her permission to recover the dredge. He then approached the landowner on the Klamath River to allow heavy equipment to jerk the 20 ton steel dredge off the sandbar it lay on [had it actually been fully "embedded" *in* the "submerged navigable lands" of California's Klamath River it is extremely doubtful that even the U.S. Army Corp of Engineers could have "removed" it, much less three men and a backhoe, with a crane to put it on the flatbed trailers…another factual issue glossed over by the movant]. Richard E. Shell paid good money ($75,000 US) to back up his handshake agreement (there was obviously no "Manufacturers Certificate of Origin" associated with this heavy, custom made, equipment). Under the "law of finds" it is even possible that the adjoining landowner may have had colorable title"; see, *Zych Vs. Unidentified, Wrecked and Abandoned Vessel, Believed to be the SB "Seabird"*, 811 F. Supp.1300, 1314 (N.D.Ill. 1992), *aff'd,* 19 F.3d 1136 (7th Circuit, 1994); see also Footnote #3 in the *Deep Research Case*, 6th Circuit opinion. Richard E. Shell took over "dominion and control" of the dredge when the State of California and the

Richalinda Trust opposing memo re SJM - 10

United States did absolutely nothing to "salvage the shipwreck" or "lay claim" to it. He removed it to Tacoma, Washington to Jesse Engineering and completely refurbished same (with the financial assistance of Peter Hobler), then put it all on a barge to ship to Alaska, where it was entrusted to the crew of the *M/V* "POLAR BEAR", which through negligence or stupidity, caused the dredge to be lost at sea. At this point in time, Richard E. Shell, Peter Hobler and/or the RichaLinda Trust have the highest and best claims to *de jure* ownership of this dredge; NOT THE STATE OF CALIFORNIA.

The motion for summary judgment should be denied.

2.  *The Court should deal summarily with the movant's claims of illegality as being specious argument.*

The following unrefuted facts should be dispositive of the movant's arguments concerning illegality:

   (a) The Arizona Cease and Desist Order is almost twenty years old, and the movant is trying to give it extra-territorial effect outside the State of Arizona. On its face the Cease and Desist Order is limited to Arizona.

   (b) Nothing in the Contract of Towage (or whatever the document of hire is, in this case) is admittedly illegal, and none of the acts or omissions of Bear Tooth or RichaLinda make it so. The negligence in this instance lies with the crew of the M/V Polar Bear and its owners, and significant compensation should be awarded the claimants, to reimburse them for the loss of the gold dredge and the

Richalinda Trust opposing memo re SJM - 11

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

1  consequential losses because the mining claims were lost, and no gold could be
2  mined.

3  (c) There is nothing illegal about the current venture in Bear Tooth at Sitkinak
4  or Concha Holdings at Bear Creek. Asserting these contracts are illegal contracts
5  doesn't make it so. There has been no proof that anything illegal has been
   attempted or that there is ongoing illegality; there is no proof that *anything* illegal
6  has happened or been reported; mere accusations based upon inference and
7  innuendo are insufficient.

8  (d) Attorney Edward Edson's affidavit, disproves false allegations of illegal
9  conduct, where affiant Edson provides proof that (i) the gold dredge works, that (ii)
   Concha Holdings is a duly authorized, validly existing Delaware Corporation, (iii)
10 in good standing, (iv) adequately capitalized, (v) with the licenses, (vi) permits and
11 (vii) assets to conduct its business operations. Bear Tooth is a valid joint venture
12 with Peter Hobler.

13 (e) R.E. Shell is a minority player and stakeholder in Concha Holdings, Ltd.,
14 and cannot poison the entity because of his Arizona record.

15 (f) R.E. Shell is an equal joint venture partner in Bear Tooth. By admission the
16 movant agrees that Peter Hobler knew all about R.E. Shell's past activities and
17 thought he was a good gold miner anyway; enough to grub stake Shell again.
   Mining is a dangerous business, and Alaska is a tough, hard scrabble mining
18 environment. The logistical nightmares are very hard to overcome. R.E. Shell
19 contributed prospecting and mining skill, and dredge know-how to the operations.

20 (g) Bear Tooth was formed with RichaLinda Trust owning the dredge.
21 RichaLinda Trust is not the alter ego of RE Shell, and no evidence can be provided
22 this Court to the contrary.

23
24
25
26
27  Richalinda Trust opposing memo re SJM - 12                    SANDLIN LAW FIRM
28                                                                    P.O. Box 1005
                                                                  Zillah, Washington 98953
                                                                  (509) 829-3111/fax: 3100
                                                             Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

1 Essentially, the briefing of the movant in this instance concerning illegality is *inapposite* to the material facts at hand, and summary judgment should not be granted on this factual presentation.

3. *There are no uncontested material facts that support summary judgment in this action, and summary judgment should be denied.*

Federal Rules of Civil Procedure, Rule 56(c), states in pertinent part:

"…The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed. R. Civ. P. 56(c) (*emphasis added*).

Here, the record is replete with contested material facts, precluding summary judgment in favor of the movants. However, if this Court examines these facts closely, it may be that the Court can see in this case the moving parties should probably be *Richalinda Trust* and *Bear Tooth*, rather than *Alaska Marine*! Where is the evidence that refutes the affidavits of Edson and Shell, and the documentation attached thereto? Where is the evidence refuting the affidavit of Gellert? These facts actually support the Court's *sui generis* decision to grant summary judgment on liability in favor of the claimants, *Bear Tooth* and

Richalinda Trust opposing memo re SJM - 13

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

*Richalinda Trust*! The motion for summary judgment based upon lack of title or ownership interest in the gold mining dredge, and the stale Arizona criminal conviction of R.E. Shell, asserted by movant *Alaska Marine Transport & Salvage, Inc.* should be denied.

In fact, the Court is respectfully invited to enter an order, *sui generis*, in favor of the claimants, Bear Tooth and Richalinda Trust, for summary judgment on liability against *Alaska Marine Transport & Salvage, Inc.* in this instance. This case is essentially a damage claim, and the real question that should be before this Court is "How much should be the award of damages in favor of Bear Tooth and Richalinda Trust?"

## V. CONCLUSION

The movant, *Alaska Marine Transport & Salvage, Inc.*, seeks an order of dismissal of the claims of Bear *Tooth* and *Richalinda Trust*, on the basis of illegality and lack of ownership of the lost gold dredge. No competent evidence is presented to substantiate those bald assertions. The claimants, on the other hand, have provided specific factual responses, and legal authority, to show this Court that the wrong parties were moving for summary judgment! This Court, on its own motion, *sui generis*, is invited to grant summary judgment in favor of the

Richalinda Trust opposing memo re SJM - 14

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

claimants, *Bear Tooth* and *Richalinda Trust*, on the liability aspect of their claims against *Alaska Marine Transport & Salvage, Inc.*

The summary judgment motion filed by *Alaska Marine Transport & Salvage, Inc.* should be denied.

Respectfully submitted this 9th day of December, 2005.

SANDLIN LAW FIRM

*/s/ J.J. Sandlin*

J.J. SANDLIN, WSBA #7392
Appearing *pro hac vice* for Richalinda Trust

LAW OFFICES OF MARK S. BLEDSOE

*/s/ Mark S. Bledsoe*

MARK S. BLEDSOE, ABA #7610077
Appearing as local counsel for Richalinda Trust

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9 day of December, 2005, a copy of the foregoing document was mailed to:

John R. Keough, III
Waesche, Sheinbaum & O'Regan, P.C.
111 Broadway
New York, New York 10006-1991

Douglas R. Davis
Keesal, Young & Lagan

Richalinda Trust opposing memo re SJM - 15

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net

| | |
|---|---|
| 1 | 1029 West 3rd Avenue |
| | Suite 650 |
| 2 | Anchorage, Alaska 99501 |
| 3 | Walter W. Mason |
| | Jamin, Ebell, Schmitt & Mason |
| 4 | 300 Mutual Life Bldg. |
| 5 | 605 First Avenue |
| | Seattle, Washington 98104 |
| 6 | (206) 623-7521 |
| 7 | Mark C. Manning |
| | Mark C. Manning, P.C. |
| 8 | 431 West 7th Avenue, Suite 204 |
| | Anchorage, Alaska 99501 |
| 9 | (907) 278-1169 |
| 10 | Edward M. Edson |
| | Edson, Tseng & Associates |
| 11 | P.O. Box 742794 |
| | Dallas, Texas 75374 |
| 12 | |
| 13 | J.J. Sandlin |
| | P.O. Box 1005 |
| 14 | Zillah, Washington 98953 |
| 15 | By: /s/ Mark S. Bledsoe |
| | Mark S. Bledsoe |

Richalinda Trust opposing memo re SJM - 16

SANDLIN LAW FIRM
P.O. Box 1005
Zillah, Washington 98953
(509) 829-3111/fax: 3100
Sandlinlaw@aol.com and sandlinlaw@nwinfo.net