# EXHIBIT 1

BEFORE THE ARIZONA CORPORATION COMMISSION

RECEIVED
AZ. CORP. COMMISSION
APR 22  9 57 AM '87
DOCUMENT CONTROL

MARCIA WEEKS
    Chairman
RENZ D. JENNINGS
    Commissioner
DALE H. MORGAN
    Commissioner

IN THE MATTER OF THE OFFERING )
OF SECURITIES BY:             )   DOCKET NO. S-2384-I
                              )
SHELL MINING, LTD.            )
7459 E. Pleasant Run          )
Scottsdale, Arizona 85258     )   NOTICE OF OPPORTUNITY FOR
                              )   HEARING REGARDING PROPOSED
ALASKAN BANQUEGROWTH          )   ORDER TO CEASE AND DESIST
  CORPORATION                 )   AND RESCISSION AND
2527 N. Carson Street,        )   RESTITUTION
  Suite 205                   )
Carson City, Nevada  89701    )
                              )
RICHARD EUGENE SHELL          )
7459 E. Pleasant Run          )
Scottsdale, Arizona 85258     )
                              )
MERTON PEKRUL                 )
1553 E. Emerald               )
Mesa, Arizona 85204           )
_____)

The Securities Division has obtained information which tends to show, and it alleges, that Respondents SHELL MINING, LTD., ALASKAN BANQUEGROWTH CORPORATION, RICHARD EUGENE SHELL and MERTON PEKRUL, singularly and in concert, engaged in acts and practices which constitute violations of A.R.S. §§ 44-1841, 44-1842 and 44-1991 of the Securities Act of Arizona.

I.

RESPONDENTS

1.  SHELL MINING, LTD., whose last known address is 7459 E. Pleasant Run, Scottsdale, Arizona 85258, is a Turks and Caicos Islands corporation not authorized to do business in the State of Arizona.

S01643T

2. ALASKAN BANQUEGROWTH CORPORATION (ABC), whose last known address is 2527 N. Carson Street, Suite 205, Carson City, Nevada, 89701 is a Nevada corporation not authorized to do business in the State of Arizona.

3. RICHARD EUGENE SHELL (SHELL), whose last known address is 7459 E. Pleasant Run, Scottsdale, Arizona 85258, was at all relevant times president of and a salesman for SHELL MINING, LTD. and ABC.

4. MERTON PEKRUL (PEKRUL), whose last known address is 1553 E. Emerald, Mesa, Arizona 85204, was at all relevant times a salesman for SHELL MINING, LTD., and ABC.

## II.

### NATURE OF THE OFFERING

5. Paragraphs 1 through 4 are realleged.

6. From on or about February, 1985, Respondents solicited funds for an investment in a mining operation in Alaska. Respondents raised at least $500,000 from Arizona investors in the form of stock, notes, evidences of indebtedness, investment contracts and fractional interests in minerals.

7. Many investors were solicited through church contacts of PEKRUL in Mesa, Arizona.

8. Respondents gave presentations at the homes of prospective investors in order to solicit funds. Respondents made the following representations:

    a. SHELL was the president of SHELL MINING, LTD.;

    b. SHELL was president of ABC;

    c. SHELL was an expert placer miner;

    d. Respondents were in the process of obtaining a

S01643T

multimillion dollar loan;

    e. Proceeds of this loan would be used to purchase land in Alaska;

    f. The land in Alaska was a lucrative gold parcel; and

    g. The land was to be purchased for the purpose of gold mining and gravel production.

9. In return for investment money Respondents promised investors a full return of their investment plus interest in varying amounts within 30 days, shares of stock in ABC and other companies, an interest in gold produced by the mining operation, and a collateral interest in the mining equipment.

10. Several investors were told, at different times, that funds were needed the following day.

11. Shell and Pekrul would often call an investor after the initial investment and ask for more money.

12. When it came time to be repaid, Respondents told investors that the multimillion dollar loan had not been secured but would be secured shortly and investors would be repaid soon. SHELL and PEKRUL threatened that investors would lose their entire investment if they did not renegotiate the terms of their investment agreements, grant extensions to the due date of their return and release their interest in the equipment collateral.

### III.

### VIOLATION OF SECTION 44-1841 OF THE SECURITIES ACT OF ARIZONA

#### Offer or Sale of Unregistered Securities

13. Paragraphs 1 through 12 are realleged.

S01643T

14. From on or about February, 1985, Respondents offered to sell or sold securities, in the form of stock, notes, evidences of indebtedness, investment contracts or fractional undivided interests in mineral rights, within or from the State of Arizona.

15. The securities referred to in paragraph 14 were not registered by description under A.R.S. §§ 44-1871 through 44-1875; were not registered by qualification under A.R.S. §§ 44-1891 through 44-1900; were not exempt securities under A.R.S. § 44-1843 or § 44-1843.01; were not offered or sold in exempt transactions under A.R.S. § 44-1844 and were not securities exempt under any rule or order promulgated by the Commission under A.R.S. §§ 44-1845 and 44-1846.

16. The conduct alleged in paragraphs 14 and 15 violated A.R.S. § 44-1841.

IV.

VIOLATION OF SECTION 44-1842 OF THE

SECURITIES ACT OF ARIZONA

Transactions by Unregistered Dealers and Salesmen

17. Paragraphs 1 through 16 are realleged.

18. In connection with the offers to sell or sale of securities, Respondents acted as dealers or salesmen within Arizona, although not registered pursuant to the provisions of Article 9 of the Act.

19. The conduct alleged in paragraph 18 violated A.R.S. § 44-1842.

. . .

. . .

S01643T

V.

VIOLATION OF SECTION 44-1991 OF THE

SECURITIES ACT OF ARIZONA

Fraud in Connection with the Offer or Sale of Securities

20. Paragraphs 1 through 19 are realleged.

21. In connection with the offers to sell or sales of securities, Respondents, directly or indirectly, made misrepresentations of material fact and omitted to state material facts which were necessary in order to make the statements not misleading in light of the circumstances under which they were made; Respondents also engaged in transactions and practices or courses of business which operated or would operate as a fraud or deceit upon the offerees and investors within the meaning of A.R.S. § 44-1991, including, but not limited to the following:

    a. failure to disclose financial information about SHELL MINING, LTD., SHELL or PEKRUL;

    b. failure to disclose risk factors associated with the investment;

    c. failure to disclose that a Cease and Desist Order was issued by the Arizona Corporation Commission on September 6, 1966 restraining SHELL from engaging in practices and transactions which constituted violations of the Securities Act of Arizona;

    d. failure to disclose that SHELL had filed for bankruptcy on March 4, 1970 and was adjudged a bankrupt by the United States District Court on November 27, 1970;

e. failure to disclose that the securities offered were not registered with the Securities Division of the Arizona Corporation Commission;

f. failure to disclose that Respondents were not registered with the Arizona Corporation Commission as securities salesmen or securities dealers;

g. failure to disclose the amount of expenses associated with the offer and sale of these securities; and

h. failure to disclose that Respondents did not have authority to assign the mining equipment to investors as collateral.

i. promising investors repayment of all money invested plus substantial interest, within thirty days, when in fact, Respondents had failed to pay other investors when their notes became due and payable.

22. The conduct alleged in paragraph 21 violated A.R.S. § 44-1991.

VI.

REQUESTED RELIEF

THEREFORE, Respondents are hereby notified that the Securities Division will request that the Commission grant the following relief against Respondents:

1. Order Respondents to cease and desist from the conduct alleged in this Notice pursuant to A.R.S. § 44-2032.

2. Order Respondents to pay the Commission an

S01643T

administrative penalty in the amount of $5,000 for each violation of law alleged in this Notice pursuant to A.R.S. §44-2037.

3. Order Respondents to provide restitution to each person who has purchased a security in connection with the conduct alleged in this Notice pursuant to A.R.S. §44-2032.

4. Order Respondents to pay the State its costs, including reasonable attorneys' fees and investigative expenses pursuant to A.R.S. §44-2038.

IT IS ORDERED that Respondents are hereby notified that they are afforded an opportunity for hearing upon written request filed with Docket Control, Arizona Corporation Commission, 1200 West Washington, Phoenix, Arizona 85007, within ten days after receipt of this Notice. The date set for the hearing shall be within five to fifteen days after the request for the hearing has been made, unless otherwise agreed to by both the Commission and the person requesting the hearing. IF any Respondent does not request a hearing within the time prescribed, such Respondent will be deemed to have admitted the allegations and the Commission will enter an Order, containing such allegations as Findings of Fact and Conclusions of Law, ordering the Respondent to CEASE AND DESIST these activities pursuant to A.R.S. § 44-2032.

BY ORDER OF THE ARIZONA CORPORATION COMMISSION this 22d day of April, 1987.

MATTHEW J. ZALE
Director of Securities

S01643T